STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO AP-06-25
SKS- KEN - 1/2/2007

GEORGE EZZY and
SHIRLEY EZZY,

Petitioners

v.                                                    **DECISION ON APPEAL**

CITY OF AUGUSTA,

Respondent

This matter comes before the court on appeal pursuant to M.R. Civ. P. 80B from a decision of the City of Augusta Board of Zoning Appeals ("BZA"). Finding that the gloss given to the City ordinance on appeals would result in an unfair and unjust result in the unique facts of this case, the appeal will be granted.

## Background

On April 12, 2005, the petitioners attended a City of Augusta Planning Board ("PB") hearing concerning an application by Concord Trailways ("Concord") for a new bus terminal to be built within 1,000 feet of the petitioners' home. The petitioners testified at the hearing concerning the impact that such construction would have upon their land and home, but ultimately the PB voted in favor of the application and to grant a conditional use permit. On April 18, 2005, the petitioners sent a letter to the Director of Augusta Planning requesting a copy of the written PB decision. The petitioners never received a response. On April 29, 2005, the petitioners called the Director and left a message on his voicemail asking for information concerning the status of the decision, and again received no response. On May 3, 2005, the petitioners called and spoke directly with the Director, who informed them that there was no

written decision yet available, nor were there any minutes of the meeting available. On May 20, 2005, the Director sent a letter to Concord confirming the PB's approval of the bus terminal application. Despite their earlier requests, no copy was sent to the petitioners.

On November 30, 2005, the petitioners again called the Director, who promised to send a written copy of the decision if one existed. On December 2, 2005, the petitioners received a faxed copy of the May 20, 2005 letter sent to Concord. The petitioners filed their appeal of the PB decision with the BZA on December 30, 2005, within 30 days of having received the copy of the May 20th letter. On February 14, 2006, the BZA denied the petitioners' appeal as untimely, leading to the present appeal of that decision.

## Discussion

The Land Use Ordinance of the City of Augusta sets forth at section 6.2.6 the standard for filing appeals: "In all cases, a person aggrieved by any decision of the . . . Planning Board shall commence his or her appeal within thirty (30) days after receipt of a written decision of the . . . Planning Board." (Emphasis provided). Despite the clear language of this ordinance, where receipt of the decision triggers the appeal period, the City and Concord argue that the BZA was correct in its decision because to hold otherwise would result in an absurd and unfair result. The absurdity is that to interpret the time period otherwise would leave an open-ended appeal period since it would not begin until any interested party with standing to appeal may have obtained a copy of the written decision. Furthermore, Concord argues that there must be finality in the Board's decisions to allow applicants to proceed with their projects and that, in fact, Concord executed some options with regard to the property in reliance upon the PB decision.

The respondent's arguments would be more persuasive if the petitioners had shown no great interest, and had sat back and relied only on the "receipt" language of the ordinance. But here, to the contrary, the petitioners actively pursued information concerning the decision, both earlier in the year and ultimately in December 2005. In fact, had the petitioners not requested a copy of the written decision in December, they could still be awaiting receipt of the written decision which they had requested in May. It is not clear why the City Planner and his staff did not respond to the initial request for a copy of the decision, so criticism of this failure may seem harsh. Nevertheless and for whatever reason, the petitioners did everything they could to get the information they needed at an appropriate time, and the planning office simply "dropped the ball". The petitioners should not be required to continuously pursue what was an apparent fruitless effort simply to protect their appeal rights. The result may seem unfair to Concord, but the opposite result is even more unfair to the petitioners, and would be contrary to the plain language of the ordinance.

Therefore, based on the narrow facts of this particular case, the court finds that the BZA's denial of the appeal was contrary to the ordinance and an abuse of discretion. If the ordinance language should be clarified, that is a job for the city council, not the BZA or this court.

The entry will be: The decision of the Board of Zoning Appeals is REVERSED and REMANDED for further proceedings consistent with this order.

Dated: January 16, 2007

S. Kirk Studstrup
Justice, Superior Court

Date Filed __3/16/06__ ____Kennebec____ Docket No. __AP06-25__

County

Action ____Petition for Review____ **J. STUDSTRUP**

~~80XX~~ 80B

____George & Shirley Ezzy____ vs. ____City of Augusta____

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Clifford H. Goodall, Esq.<br>61 Winthrop Street<br>Augusta, Maine 04330 | Stephen Langsdorf, Esq.<br>45 Memorial Circle<br>PO Box 1058<br>Augusta, Maine 04332-1058 |
| | - Laurel A. Van Buskirk, Esq. Concord Coach<br>214 North Main Street<br>P.O. Box 1415<br>Concord, NH 03302-1415 |
| | - Ari Pollack, Esq. (Concord Coach) |

| Date of Entry | |
|---|---|
| 3/16/06 | Petition for Review, filed. s/Goodall, Esq. |
| 03-17-06 | Received and filed on behalf of City of Augusta by Attorney Stephen Langsdorf, Esq. an Entry of Appearance and an Answer for Defendant. |
| 3/20/06 | Notice of briefing schedule mailed to attys of record. |
| 03-27-06 | Received and filed by Clifford Goodall, Esq. on behalf of Petitioner, an original Summons served upon Barbara Wardwell, Clerk for the City of Augusta, by Kennebec County Sheriff on March 16, 2006. |
| 4/21/06 | Plaintiff's Brief, filed. s/Goodall, Esq.<br>Administrative Record, filed. |
| 4/28/06 | Entry of Appearance, filed. s/Van Buskirk, Esq.<br>Assented-to Motion to Intervene. filed. s/Van Buskirk, Esq.<br>Certificate of Service, filed. s/Vab Buskirk, Esq.<br>Motion for Pro Hac Vice Admission, filed. s/Van Buskirk, Esq.(attached Exh.A) |
| 5/22/06 | ASSENTED-TO MOTION TO INTERVENE, Studstrup, J. (5/17/06)<br>Motion granted and moving parties granted leave to interven.<br>Copies mailed to attys. of record |
| ------ | MOTION FOR PRO HAC VICE ADMISSION, Studstrup, J. (5/17/06)<br>Motion granted.<br>Copies mailed to attys. of record. |
| 5/22/06 | Defendant's Motion to Extend Time to File Brief, filed. s/Langsdorf, Esq.<br>Proposed Order, filed. |
| 5/23/06 | Intervenor's Brief, filed. s/ Buskirk, Esq. |
| ------ | ORDER, Studstrup, J.<br>By agreement of the parties, the deadline for filing the City of Augusta and Concord Trailways' Biref is extended until June 1, 2006.<br>Copies mailed to attys. of record. |
| 6/1/06 | Defendant's Rule 80(b) Brief, filed. s/Langsdorf, Esq. |
| 6/15/06 | Plaintiffs' Reply Brief, filed. s/Goodall, Esq. |